# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SONNY LAUREN HARMON, )
                 Plaintiff, )
v. ) No. CIV 08-202-JHP-SPS
JIMMY KEITH, et al., )
                 Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss. The court has before it for consideration the plaintiff's complaint [Docket #1], the defendants' motion [Docket #21], plaintiff's response [Docket #22], and a special report prepared by the special report coordinator for Corrections Corporation of America and Davis Correction Facility at the direction of the court [Docket #20], in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correction Facility (DCF) in Holdenville, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages and injunctive relief for alleged constitutional violations during his incarceration at DCF. The defendants are DCF Warden Jim Keith, DCF Acting Principal James Alexander, and DCF Deputy Warden William Boyd, who are sued both in their official and individual capacities.

On October 29, 2007, Defendant Alexander seized two of the plaintiff's computer diskettes that plaintiff alleges were approved by DOC and contained legal information relevant to his pending criminal appeals. Plaintiff alleges his attempts to resolve this issue

through the DCF administrative process were ignored or concealed by the defendants. The defendants' withholding of the legal information contained on the disks allegedly impaired plaintiff's ability to properly assist his federal public defender during his appeal and subsequently affected its outcome.

The defendants have filed a motion to dismiss, alleging plaintiff did not properly exhaust his administrative remedies under OP DOC 090124 before attempting to initiate a § 1983 action in federal court, as required by 42 U.S.C. § 1997e(a).[1] In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock,* 549 U.S. 199 (2007).

The specific steps an inmate must complete to exhaust administrative remedies are set forth in DOC OP 090124. *See* Docket #21-1 at 6 - 8. First, the inmate must attempt an informal resolution by talking with his case manager or other appropriate staff within three days of the incident. If not resolved, the inmate must submit a Request to Staff form within seven calendar days of the incident. If the informal grievance does not resolve the issue, the inmate may file a formal grievance by submitting a Grievance Report Form along with the Request to Staff form within 15 calendar days of the incident or of an official response to the Request to Staff form, whichever is later. *See* DOC OP 090124 (V)(A)(1), Docket #21-2 at 6. Under DOC OP 090124 (V)(C)(4), if there has been no response by the reviewing authority within 30 calendar days of the inmate's formal grievance submission, the inmate may send

---

[1]The defendants also allege plaintiff failed to exhaust his administrative remedies for a claim that he received inadequate legal assistance from the contract attorney at DCF. The court did not read the complaint to include this specific claim, however, and plaintiff has not raised the claim in his response or asserted such a claim was exhausted.

2

a grievance to the proper reviewing authority. *See* Docket #28-1 at 8.

The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 10/29/07 | Defendant Alexander confiscated plaintiff's computer diskettes. |
| 11/01/07 | Plaintiff filed an informal Request to Staff with DCF, requesting that Defendant Alexander return his two diskettes. |
| 11/05/07 | Defendant Alexander replied to the Request to Staff form, stating he was holding the disks on the authority of Defendant Warden Keith, and he would not return them unless instructed to do so by Defendant Keith. |
| 11/12/07 | Plaintiff submitted an Inmate/Offender Grievance Report Form, which was stamped as received on 11/15/07. |
| 11/28/07 | Defendant Bill Boyd signed the grievance response denying relief. Plaintiff, however, did not receive notice of the denial until 03/10/08. |
| 01/08/08 | DOC Administrative Review Authority received a grievance from plaintiff stating his grievance with DCF had gone unanswered for over 30 days. |
| 01/28/08 | DOC Administrative Review Authority returned plaintiff's appeal unanswered, advising him to submit an appeal to the facility and await the response before appealing to the DOC Review Authority. |
| 02/15/08 | DOC Administrative Review Authority received a second grievance from plaintiff identical to the grievance received on 01/07/08 except for a handwritten note at the top signed by plaintiff, stating "the warden at DCF refuses to respond since 11/12/07." |
| 03/06/08 | DOC Administrative Review Authority returned this second grievance unanswered, directing plaintiff to review DOC OP 090124 (V)(C)(4). |
| 03/10/08 | Plaintiff received and signed the Grievance Response from Reviewing Authority form. The form denied relief and was signed by Defendant Boyd with a date of 11/28/07. |
| 03/13/08 | Plaintiff appealed the grievance response to the DOC Administrative Review Authority, which the DOC Administrative Review Authority received on 03/17/09, describing the situation and the defendants' |

3

refusal to respond to his grievance.

03/31/08   The DOC Administrative Review Authority returned the grievance unanswered, because plaintiff's action was out of time, and he had not followed instructions.

06/03/08   Plaintiff filed this civil rights complaint.

The defendants' primary argument for dismissal is that plaintiff's grievance was filed outside of the 15-day time limit set forth in DOC OP 090124 (V). Plaintiff's computer diskettes were confiscated on October 29, 2007, and the defendants assert he did not file his Inmate/Offender Grievance Report Form until November 15, 2007. Plaintiff alleges, however, the grievance was submitted on November 12, 2007, and the DCF Reviewing Authority noted the grievance's receipt date as November 13, 2007, on the Grievance Response Form. *See* Docket #21-3 at 3. Additionally, the Inmate/Offender Grievance Report Form featured conflicting dates, as the plaintiff dated it 11/12/07, but the form is also dated 11/13/07 and 11/15/07 in the defendants' copies. *See* Docket #21-3 at 6.

The court notes the defendants have failed to acknowledge that DOC OP 090124 (V)(A)(1) allows an Inmate/Offender Grievance Report Form to be filed within 15 days of the incident *or the date of the response to the Request to Staff form*, whichever is later. *See* Docket #21-2 at 6. Defendant Alexander responded to the plaintiff's Request to Staff on November 5, 2007. *See* Docket #21-3 at 5. Consequently, plaintiff's grievance submitted on November 15, 2007, was within the 15-day time limit of DOC OP 090124 V(A)1.

Finally, the court notes that plaintiff's response to the motion to dismiss included a request for appointment of counsel and a request to amend his complaint. Pursuant to Local Civil Rule 7.1(c), each motion or application must be a separate pleading. The court will not consider these requests that were improperly included in the response, but plaintiff may file

4

separate motions for relief pursuant to the court's local rules. If plaintiff intends to file a motion for leave to amend his complaint, he must follow Local Rule 9.2(c), which requires submission of a proper amended complaint that includes all parties and all causes of action. The Court Clerk is directed to send plaintiff copies of Local Rules 7.1 and 9.2.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #21] is DENIED.

**IT IS SO ORDERED** this 19th day of June 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma