# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SONNY L. HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-202-JHP |
| | ) | |
| JIMMY KEITH, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on Defendants' (Jimmy Keith, James Alexander, and William Boyd) Motion for Summary Judgment (Doc. 55). Plaintiff filed a Response objecting to the same on December 1, 2009 (Doc. 57). Defendants filed their Reply on December 7, 2009 (Doc. 59).

## Allegations

Plaintiff brought this civil rights action alleging on October 29, 2007, Defendant Alexander confiscated his "computer disc"[1] containing his legal documents. Plaintiff asserts that this disk contained all of his "filings letters & correspondence between [his] appointed State and Federal Public Defenders. . . ." Doc. 1, at p. 5. Plaintiff claims he requested Defendant Alexander to return his computer disk on November 1, 2007 and on November 5, 2007, Defendant Alexander denied the return of his disk "per Warden Keiths." *Id.*

---

[1] It is not clear exactly how many computer disks were seized. At one point Plaintiff indicates he originally had "four (4) 3½ computer disc." Doc. 1, at p. 4. From reading the entire pleadings, however, it appears that perhaps two (2) disks were seized. *See*, Doc. 1, at pp. 5 and 17. For ease of reference, the court will refer to the confiscated item(s) as a "computer disk" or "disk."

Plaintiff says his grievance then went unanswered until he resubmitted it on February 29, 2008. *Id*. Finally, Plaintiff claims he was denied access to the courts and deprived of his First and Fourteenth Amendment rights as a result of the seizure of the computer disk. To support his allegation of prejudice, Plaintiff asserts he had a habeas appeal in CIV-04-277-P in which his "appealable order denying Habeas misterously (sic) came up missing . . . and [his] appeal was dismissed as untimely."[2] *Id.*

Plaintiff indicates he was represented by the Federal Public Defender in a pending appeal in federal court and by an attorney appointed by the Oklahoma Indigent Defense System (OIDS) in his state criminal appeals and it was the correspondence between those attorneys which were on his disk. Plaintiff admits, however, that he was able to file his brief in another pending civil appeal but asserts he "was forced to file a brief of less quality" due to the confiscation of the computer disk. *See*, Doc. 1, at p. 5.

## **Legal Analysis**

Summary judgment is appropriate where there is no dispute of material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56. When presented with a summary judgment motion, this Court must determine whether there "are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). When evaluating a motion for

---

[2] It should be noted that the "appealable order" which Plaintiff asserts was mysteriously lost was entered on December 12, 2005, almost two years prior to the date on which his computer disk was allegedly seized. *See*, *Sonny Lauren Harmon v. Glynn Booher, Warden*, Oklahoma Eastern District Court Case No. CIV-04-277-JHP, Doc. 35.

summary judgment, this Court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988). However, the party opposing summary judgment "may not rest upon mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to adequate, effective, and meaningful access to the courts, which includes adequate access to law libraries or alternative sources of legal information. *See, Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, "the constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996) (citations omitted). The Constitution requires only that reasonable access to the courts be permitted. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Ford v. Schmidt*, 577 F.2d 408, 410 (7th Cir. 1978), *cert. denied*, 439 U.S. 870 (1978). In determining whether the access afforded an inmate is reasonable, the test to be applied is whether the access is "adequate, effective, and meaningful." *Bounds*, 430 U.S. at 822. While being guaranteed access to the courts, prisons are entitled to enact prison regulations and/or practices that place burdens on an inmate's right of access so long as the inmate is not denied meaningful access to the courts. *Williams v. Wyrick*, 747 F.2d 1231 (8th

Cir. 1984).

To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To present a viable claim for denial of access to courts . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998). Further, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 355. An injury occurs only when prisoners are prevented from challenging the conditions of their confinement or attacking their sentences. *Id*. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*

Defendants argue in their motion for summary judgment that the Plaintiff has failed to establish that he has suffered an "actual injury." Plaintiff claims in his Response that the seizure of his computer disk 1) violated his attorney/client privilege; and 2) "impeded (sic) my ability to defend, assist & prosecute my state & federal appeals which include my state convictions" (Doc. 57, at pp. 2-3). Additionally, Plaintiff disputes the affidavits submitted in support of Defendants' Motion for Summary Judgment claiming that he was never allowed to review his computer disk, given access to a computer or provided free copies of the materials on his disk. *Id.*, at pp. 3-4. According to the memorandum placed in Plaintiff's file dated March 27, 2008, however, Defendants attempted to allow Plaintiff access to his files subject to certain restrictions which are set forth in the memorandum as follows:

> I will assign you time and access to a computer and floppy disc as much as

4

> possible without interrupting normal operating procedures in the facility until 04/04/08.
>
> After 04/04/08, I will allow copying of the disc, at your expense, not to exceed 1 cubic foot as set forth in DOC-OP 030120, VIII B 3. You will be required to pay the cost of the paper used should you request copying.
>
> You have an option of sending these disc (sic) to your lawyer or family member if you so desire. They may copy portions that you need and send them to you.
>
> Your signature below verifies your receipt of this memo. Please denote what action you request in regards to storage/disposition of the disc.

(Doc. 55-5). Plaintiff was apparently not satisfied with the conditions placed upon his access to the computer and his disk and therefore, refused to even initial the memorandum setting out those conditions. *Id.*

Despite Plaintiff's complaints, he has failed to establish that he has been deprived of his constitutional right of access to courts. Plaintiff has no constitutional right to computer access in order to prepare his legal pleadings. Furthermore, the exhibits attached to the Defendants' Motion for Summary Judgment, which Plaintiff has not disputed, clearly establish that the Plaintiff has not been deprived of his constitutional right to access to the courts. Plaintiff's allegations that he was deprived of his constitutional right of access to the courts and that his attorney-client privilege was violated are merely conclusory allegations which are not supported by the records herein. Plaintiff has not presented any facts, other than his assertions that he was not allowed access to his computer disk after their seizure by the Defendants, to refute the records submitted by the Defendants which establish Plaintiff has been given access to the courts. In fact, the records attached to Defendants' Motion for

Summary Judgment establish Plaintiff was able to file a brief in Oklahoma Supreme Court Case No. 102,020 on April 23, 2008 (Doc. 55-6) and initiated a federal habeas corpus action on April 11, 2008 (Doc. 55-7). Additionally, attached to the Complaint is a memorandum which indicates Plaintiff had access to a typewriter and that computer floppy disks are considered contraband at the Davis Correctional Facility and, therefore, are securely stored in a contraband locker. Doc. 1, at p. 22. Furthermore, Plaintiff has been given what appears to be unfettered access to legal mail while in the custody of the Davis Correctional Facility (Doc. 55-8). Even assuming Plaintiff's allegations that he was never allowed to access his computer disk after the seizure are true, Plaintiff has not alleged that he suffered any injury as a result of the limitations placed upon his access to the computer and the seized computer disk. As a result, the Defendants' Motion for Summary Judgment (Doc. 55) is hereby granted and this action is dismissed with prejudice against Defendants Jimmy Keith, James Alexander and William Boyd. In light of this dismissal, Plaintiff's Motion for Temporary Restraining Order (Doc. 41), Plaintiff's Motion for Discovery (Doc. 52), and Plaintiff's Dispositive Motion for Judgment on the Pleadings (Doc.56) are rendered moot.

It is so ordered on this  11th   day of January, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma